UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
JOSEPH CHERY,

                              Plaintiff,                    11-3471(SJF)(WDW)
                                                           **OPINION & ORDER**
                                                           F I L E D
                -against-                                   IN CLERK'S OFFICE
                                                           U.S. DISTRICT COURT E.D.N.Y

LAW OFFICE OF FELIX KOZAK, P.C.,
                                                           ★   AUG 28 2011   ★
                              Defendant.
------------------------------------------------------X
FEUERSTEIN, J.                                             LONG ISLAND OFFICE

I.      Introduction

        On July 18, 2011, *pro se* plaintiff Joseph Chery ("plaintiff") filed a complaint against

defendant Law Office of Felix Kozak, P.C. ("defendant"), accompanied by an application to

proceed *in forma pauperis*. Plaintiff's financial status, as set forth in the declaration in support

of his application to proceed *in forma pauperis*, qualifies him to commence this action without

prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, the application to

proceed *in forma pauperis* is granted. However, for the reasons set forth below, the complaint is

*sua sponte* dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil

Procedure 12(h)(3).


II.     The Complaint

        Plaintiff alleges that he was struck by a car on December 23, 2008; that defendant

represented him in seeking a "voluntary payment" from the insurance company involved in the

accident; that he treated with "[defendant's] clinic doctors in Queens 3 times a week for 3

months" and went for an MRI; that in March 2010 defendant refused to commence a lawsuit on

his behalf because he did not believe that any lawsuit would be successful; and that he has been unable to retain another attorney to commence a lawsuit because defendant has not returned the telephone call(s) of other counsel seeking plaintiff's file, even though his "right to sue * * * will expire on December 23, 2011." (Compl., ¶¶ III(C) - V; exhibits annexed to the Compl.). Plaintiff seeks monetary damages in the amount of one hundred thousand dollars ($100,000.00) for defendant's "negligence on [the accident] case." (Compl. at ¶ V).

III.    Discussion

    A.    Standard of Review

    The *in forma pauperis* statute, 28 U.S.C. § 1915, requires a district court to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii). It is axiomatic that district courts are required to read *pro se* complaints liberally, see Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)); Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest[].'" Chavis, 618 F.3d at 170 (quoting Harris v. City of New York, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. Sept. 2010); see also Jackson v. Birmingham Board of Education, 544 U.S. 167, 171, 125 S.Ct. 1497, 161 L.Ed.2d 361 (2005).

B.    Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction, see Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 552, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005); Frontera Resources Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic, 582 F.3d 393, 397 (2d Cir. 2009), and may not preside over cases absent subject matter jurisdiction. See Exxon Mobil, 545 U.S. at 552, 125 S.Ct. 2611 (holding that federal courts may not exercise jurisdiction absent a statutory basis); County of Nassau, N.Y. v. Hotels.com, LP, 577 F.3d 89, 91 (2d Cir. 2009) (holding that federal courts lack power to disregard the limits on their jurisdiction imposed by the Constitution or Congress). Lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the court sua sponte. See Oscar Gruss & Son, Inc. v. Hollander, 337 F.3d 186, 193 (2d Cir. 2003); Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700 (2d Cir. 2000); see also Henderson ex rel. Henderson v. Shinseki, 131 S.Ct. 1197, 1202 (Mar. 1, 2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press. * * * Objections to subject matter jurisdiction * * * may be raised at any time."); Union Pacific R. Co. v. Brotherhood of Locomotive Engineers and Trainmen General Committee of Adjustment, Cent. Region, 130 S.Ct. 584, 596, 175 L.Ed.2d 428 (2009) ("[s]ubject-matter jurisdiction, * * * refers to a tribunal's power to hear a case, a matter that can never be forfeited or waived." (internal quotations and citations omitted)). If a court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3); Arbaugh v. Y & H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006); Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62-3 (2d Cir. 2009). The

3

plaintiff has the burden of establishing by a preponderance of the evidence that subject matter jurisdiction exists. Hamm v. U.S., 483 F.3d 135, 137 (2d Cir. 2007); Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

Plaintiff alleges that this Court has federal question jurisdiction under 28 U.S.C. § 1331 because his claims involve "violations of civil right [sic] eithe [sic] a provision of the federal constitution." (Compl. at ¶ II).[1] However, the factual allegations in the complaint merely state a claim for legal malpractice, which is a matter of state law over which this Court does not have federal question jurisdiction. See Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975) ("Whatever cause of action [the plaintiff] might have against his lawyer, whether sounding in professional malpractice, tort, or otherwise, is one of state law insufficient to vest a federal court with jurisdiction over the subject matter."); see also Miller v. Nassau County District Attorney's Office, No. 09-cv-2819, 2009 WL 5218606, at * 3 (E.D.N.Y. Dec. 28, 2009) (holding that federal courts do not have subject matter jurisdiction over legal malpractice claims); Williams v. Sindos, 08-cv-378, 2009 WL 613317, at * 2 (S.D.N.Y. Mar. 9, 2009) (holding that claims for legal malpractice are matters of state law and do not present a federal issue). Accordingly, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, plaintiff's complaint is *sua sponte* dismissed without prejudice for lack of subject matter jurisdiction.

IV.    Conclusion

Plaintiff's application for leave to proceed *in forma pauperis* is granted but the complaint is *sua sponte* dismissed without prejudice for lack of subject matter jurisdiction. The Clerk of

---

[1] This Court does not have diversity jurisdiction under 28 U.S.C. § 1332 because both parties are alleged to be citizens of the State of New York. (Compl., ¶ I).

the Court is directed to serve notice of entry of this Order in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure, including mailing a copy of this order to the *pro se* plaintiff at his last known address, *see* Fed. R. Civ. P. 5(b)(2)(C), and to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purposes of an appeal. See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED.**

Sandra J. Feuerstein
United States District Judge

Dated: August 28, 2011
　　　　Central Islip, New York